23-1151. Good morning, Mr. Spivak. Good morning, Your Honors. Barry Spivak for the Avalante in this case, Denise Evans. The first major issue in this case is whether the so-called Westfall Act applies to cases that are removed to federal court by the government or by the government because some defendants receive federal funding. We know, of course, that federal employees receive the benefits of the Westfall Act, which is included in Title 28-2679, but this case involved what they referred to as deemed employees who are referenced in Title 42 U.S.C. 233. I don't believe the Court has ever found a case that found that Section 233 didn't apply, that the Westfall Act didn't apply to cases under Section 233. Both statutes... I don't think we've said either way, specifically. I think, you know, it's been said and I can't deny that it's been mostly dicta, but what I think is interesting is the fact that every case that issue has kind of been in the background, the Court has always seemed to assume that 233 does include Westfall. Well, isn't that because the United States, when it removed or when it substituted in those cases, cited to both? Very often the United States did cite to both, but the fact of the matter is all those cases are cases that were where it was a deemed employee. The fact of the matter, they were all deemed employee cases, and when this Court looked at those cases, I looked at them right before just the other day, the government notes that we refer to three particular cases. We refer to the case Blanche that was removed based on the fact of deemed employees, and the Court in writing, and I know it's dicta, but the Court in writing, because I think this is... I think the Court is just interpreting what seems logical. The Court says in reaching that decision, the savings provision allows plaintiffs to bring the claims under... to counsel action is filed within two years and basically cites the Westfall Act. So let me run this thought by you. We have the Westfall Act, which applies to employees, and we have Section 233, which is for the public health service, et cetera, and creates this category of deemed employees, and when you look at Section 233, there are a couple of things I would say. One is that it obviously does incorporate parts of the Westfall Act, but we also know from the Supreme Court's decision, and however you pronounce this, Huey against Castaneda, that it doesn't just wholesale carry the entire Westfall Act into itself because the Court specifically says it doesn't in that case. It was a different person's issue, right? That's okay. And so I think this might simply be a question of whether this particular tolling or extension of the time to file an administrative claim part of the Westfall Act is one of those things that Section 233 does incorporate or whether it isn't, because if you look at 233A, it begins by saying the remedy against the United States provided by 1346 and other stuff. I mean, it tells you that we're going to look to Title 28. Obviously, 233 is in Title 42, so it's a separate thing. And so I guess some of it seems to be incorporated, but some of it isn't, and then it causes me to look at the difference in the statutory language between 233 and 2679, and there are some real differences. There are some real differences because there have to be some real differences because on the one, there's some steps you're going to have to go to to determine whether somebody is a deemed employee, and there's certain things that are going to have to be done that are just not going to be relevant when it is an actual employee. Your Honor, basically, I was actually going to make that point that you made up top about the fact that both the statutes refer to the, 233 refers to Sections 1346 and Section 2672. Right. And so does, and in 233, the removal section, it says, you know, once a case is removed, it proceeds as deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto. Right. So in other words, unlike what Judge Feinerman thought, I mean, rather than worrying about cases that didn't decide or that, you know, implicitly did, if there's a textual argument you can make that would show that the particular part of the Westfall Act that you're interested in, the thing that allows somebody to file this belated claim is incorporated. That's what I think I need to hear about. I don't think there's a specific section in 233 that says we are incorporating the Westfall Act. No, no, it doesn't. I mean, and we know from Hui that it's a selective incorporation anyway, but why this part? You know, what is it that's important? Because I think, and again, I refer to 233C, my eyes are okay here, that when there is this substitution, it proceeds as though it is brought under the provision of Title 28 and all references thereto. And that's why I think, Your Honor, the point of this Court, down through the years, always acting as though, even in dicta, that the Westfall Act does apply, it's because that just seems to be the normal and logical conclusion. What do we do with the language in the Westfall Act itself, though, that says whenever an action or proceeding in which the United States is substituted as the party defendant under this section, how do we deal with that? I think you deal with it in the fact that the section I'm referring to consumes that as well. It consumes that particular section. So you're saying that 233 sends you to that functionally a Westfall Act action. Yes. And it only makes sense, because the whole point of the Westfall Act is to give immunity to people that are doing work for the government. That's the whole point of having this Westfall Act. But don't you have some awkwardness in timing? Because Section 233 comes about at a different time. And Congress enacts, especially 233L, after the Westfall Act. And why would you even need some of these provisions if they aren't supposed to be different? I don't think necessarily they were needed. I think the fact of the matter is that's why nothing changed. Once the Westfall Act was applied, the Westfall Act was passed, it ends up also including Section 233. And that is why I think so many courts have said that. And that's why, again, I go back to, I cut your honors off, that the three cases, for instance, that the government says that we cite where it's addictive, because when you read Westfall, when you read 233, that is the obvious conclusion that you draw. But aren't we reading out under this subsection under your argument? Because the United States wasn't substituted under Section 2679. Oh, I think... It was substituted through the removal in Section 233, which the Supreme Court said in Hugh is self-effectuating for the substitution. Right. But there was a substitution. And if you look at each one of the cases, the three cases, they cite... I'm not sure if all of them cite 233. I'm looking at one, and I believe Arroyo may have cited just 2679, and it was a 233 case. If I have my... No, that would be Blanche, I think, that even though it was a deemed case, the court cited Arroyo and 2679. I think it doesn't matter what they cite. What's important is, why was it removed? And was it removed because of some entity that was deemed to be a federal employee, or was it removed because it was in fact an actual federal employee? So regardless of whether they use the numbers 233, or regardless of whether they use 2679, the removal has to relate to either 233 or 2679. And... Yes, Jennifer. Yeah, I'm thinking of the question, because I'm concerned about it too, as was the district court. What we do under this subsection, and I think unless you can make the argument that 233 makes that case, if you will, then you have the possibility that Congress just wanted a different regime for public health cases. They tend to be malpractice cases, right, and that sort of thing. And it might be frustrating that it's a different regime, but if Congress wanted a different regime, it can have one, right? They certainly can do that, and I think, Your Honor, what seems more... Or just overlooked it, but that doesn't help you either. Well, or felt that it was in there by the fact that 233 incorporates the Westfall Act, but everything that's in the other statute. What language in 233 specifically do you think incorporates the Westfall Act? I'm looking at 233C, Your Honor, where it says that... It talks about upon certification by the Attorney General and talks about the... Deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto. Right, that's what I'm looking at. If you have something, I think that is the language, because it's the only part of Title 28 that would be relevant here. But that doesn't help you out with the substitution piece, because the Westfall Act, under this subsection, the substitution is what is tied to that. And who or hue or hue, the Supreme Court case has said that under Section 233, that the substitution is self-effectuated, not that it is dependent upon 2679. Yeah, but I think that's getting just too much minutiae into it or... But if you're looking at it from the text, we need that book and we can't read out that part. And I think the text, just by saying that it is incorporating it, that is enough. And again, and I cite, I mentioned the fact that that is what this Court has always assumed. And I think the Court has always assumed it. And that's what it's told lawyers, it applies. Anyone reading those cases would assume it applies. And I think... You're into your rebuttal, just so you know. You're well into it. Thank you, Judge. I say, what I was going to finish off by saying is, everyone assumed that it applies. And that is because that is the logical reading. We can get into it deep and try to analyze it. But the fact of the matter is, the reason every court in this circuit has assumed it applies, just by stating it, and telling lawyers, if you're reading the opinions, that it applies, is because that is how they read the statute. That is an obvious impression you would get from reading this statute. Counsel, if I could just ask one question. I know there's a time thing, but Section 233 has its own tolling provision, right? And so, with regard to exhaustion, no. Gosh, there's so many subsections. But the tolling of statute of limitations, the time limit for filing a claim under this subsection shall be tolled during the pendency of a request for benefits compensation, basically during exhaustion. And so, if under your reading, it's incorporating the savings provision in the Westfall statute, which kind of encompasses the same area, why have duplicative tolling provisions? Well, the two statutes, because they have to be different in the fact that, remember, in the 233 situation, a person is not automatically considered a federal employee. So there's other things that have to be done, so they can't be exactly the same. They have to be different. And I think that's why there's Good morning. Good morning. May it please the court. Notes are trying to lunge off the podium here. May it please the court. I'm Dana Kersvang for the United States. I'd like to start with this question of 233C and whether that incorporates the Westfall Act. It doesn't. Well, it sort of sends you to the Westfall Act, though. It's the remedy under Title 28. They're not unrelated, you would agree. So they're related, but what 233C tells us is that it proceeds as a suit against the United States. And the Westfall Act, those substitution provisions, are for suits against employees of the United States. They become suits against the United States in that substitution provision in 2679, but they're not suits against the against an employee of the government while acting within the scope of his office or employment. Well, that same transformation happens on both sides, on the Westfall Act side and on this other side, because ultimately what you get under the Westfall Act is a remedy against the United States. And there are certain steps, and actually whether the steps are followed depends a little bit on whether the case begins in a federal court or whether the case begins in a state court, because the Westfall Act does cover that. In the event in subpart D3, we're talking about removals where the attorney general can remove this, and then there's a remand provision if it turns out that was wrong. So the remand is a little bit different. I mean, they're like little tweaky differences, but in terms of the way to harmonize these two laws, one question that I've asked myself is whether the extension of time for the person who makes the mistake that Ms. Evans made is a remedial provision of the law or whether it is not, because it seems that the Supreme Court was concerned about that in the Hui case where they say, you know, you have to pay attention to the Bivens provisions that differ between the two statutes. So there are provisions that differ between the two statutes, whether you're going to have a Bivens remedy or not being a big one. The language is actually different. But whether this language is different is, I think, a more difficult question. So I don't think so, Your Honor. As you said, these are two separate paths, separate schemes to getting to a suit against the United States. And under the 233 scheme, you have removal and substitution under 233, right, which sets out, as the Supreme Court said in Hui, 233C gives you a path to that. Congress, you know, of course, amended 233 both at the Health Centers Act, health centers, right, and put them there and not in Westfall. And then later they made additional changes to 233, they brought in 233L, which has some additional provisions about removal and substitution. And again, they put that there in the Health Centers Act. So we see this separate scheme that governs removal and substitution. Why aren't they just making it clear which parts of the Westfall Act are unique to these suits against federal employees, such as the Bivens provision, and which parts are the same on both sides, regular employees and deemed employees? I mean, one way of accomplishing that goal would just be to repeat in 233 the parts that you want there or incorporate by So I think it actually does make it clear, because Westfall says cases where the removal and substitution happens under this section, right, that's Westfall D5. And then the Public Health Service Act has its own removal and substitution provisions. They don't happen under this, under Westfall. But do we know that's what it means? That's putting a lot of, it's like putting a lot of weight on a comma or something, you know, under this section. In other words, it's not a 1441 removal. It's not, you know, a 1442 removal. It's a removal under this special statutory scheme. And 233 is part of that special statutory scheme because of the references. 233 incorporates the FTCA, right, the remedy provisions in the FTCA. I don't see anything in 233 which, 233A incorporates the remedy provisions of the FTCA. 233C makes this a suit against the United States under those provisions. 233G, every time they talk about the Public Health Service Act, every time they talk about health centers, they say they're deemed employees for purposes of this section, meaning the Public Health Service Act, right? They don't make them employees for purposes of the entire FTCA. Well, sure. They're not employees for the federal retirement system, you know, or all sorts of other things. But that doesn't tell us whether for the remedial purposes you're talking about, part of that remedy is the time within which you can bring a lawsuit. That's fundamentally what we're talking about here. Where does the administrative exhaustion, you know, the presentation to the relevant agency fit into the system? And is that part of the remedy that carries over to the deemed employees? So if the ability to bring a suit, a Bivens suit, wasn't part of the remedy, then I don't see how these time provisions, these... Well, because there's express language in the Westfall Act that says you can bring a constitutional claim notwithstanding this structure, and there is no such language in 233. And the court decides that that is, you know, a conscious decision. There's no linkage of the two. And it looks at the word any, it ties it to language in 233. Yeah, and going back to the language of 233, we have every time Congress said that these health centers would be deemed employees, it said for purposes of this section, which is 233, it's not the Westfall Act. Even if, in some circumstances, Westfall could apply right here, it doesn't apply as both a legal matter and as a factual matter, because the removal and substitution didn't happen under 26, 109, under the Westfall Act. It happened under 233. But I don't think statutes of limitations are normally perceived, treated as the remedy, right? That remedy language in whee doesn't, I wouldn't think, bring in statutes of limitations. Now, this whole argument you're presenting is something the government has come to only recently. Yes, Your Honor, many mistakes have been made in this area. Mistakes or changes of policy, changes of interpretation. You can call it a mistake, but that's kind of a conclusory term. In, you know, as Mr. Spivak is pointing out, Arroyo Blanche, maybe that was dicta. It wasn't until 2021 that we see the government adopting the position that you're arguing in the PW by Woodson case. Your Honor, of course people make mistakes, and this is a technical area. It's easy to look at 233 and say these health centers are deemed employees of the United States. And that's what Mr. Spivak is arguing. The common sense reading of the language as it stands, without any fancy resort to legislative history or anything else of the sort, reconciles these two statutes in the way that he's suggesting and the way the government thought they could be reconciled up until two years ago. But, Your Honor, that reads the clause for purposes of this section, which is over and over in 233G every time they talk about health centers. It reads that out of the statute. It also reads out the Westfall Act's provision where removal and substitution happen under this subsection. I mean, it does or it doesn't, depending on what you think the cross-references to the other statutory scheme are. I'm not saying you can't read it your way, but I'm questioning whether that's compatible with the remedial purpose of this particular part of the Westfall Act. It's not the Westfall Act in gross that's being, we know that from the Hui case. It's this particular part. Is that part of the remedial structure? So it's not the FTCA in gross. If you just look at the Westfall Act D provisions, Westfall Act has a scheme for removal and substitution. It has steps for review for the defendant employee. It has a provision that these cases can't be remanded to state court, even if the district court ultimately determines that the United States shouldn't be a party. Those things aren't present in 233. 233 has different substitution and removal provisions. Congress could have put this in Westfall, right? They did that four years earlier. They passed Westfall. When it came time to pass the Public Health Service Act, they put it, I mean, sorry to add health centers, they put them in the Public Health Service Act. They didn't make changes to Westfall, and they said over and over that they were only being treated as employees for purposes of this section of the Public Health Service Act. Right. And I suggested one completely neutral reason why they might have done that. You're not really a federal employee. You don't have to sign up for the federal retirement system. You're not under the federal insurance program. There are all kinds of things that come along with being a federal employee. And so it's saying none of those things are happening. We're just talking about where do you bring lawsuits. Yes, Your Honor. And then 233 has its own process for removal and substitution. Congress could have put these health centers into Westfall without making people federal employees, but they didn't. And you see in the legislative history this concern with, in the legislative history of Westfall, right, this concern of what is going to happen to the plaintiffs. You don't see that in the legislative history of the Public Health Service Act. The Public Health Service Act just creates this remedy, makes the remedy against the United States exclusive, and uses the removal and substitution provisions in the Public Health Service Act, which predated Westfall and continue after Westfall. It's just a different regime for removal and substitution that has some significant differences. So that really gets us with this difference in language and the fact that they're only health centers are only treated as government employees for purposes of Section 233. And then C gets you to a suit against the United States, but not a government employee. If there are no further questions, I'll reserve the remainder of my time. Thank you. Mr. Spivak, we'll give you a minute. Thank you, Judge. I'll actually probably take a little less because, well, you know, this is what I hear on this. We made a mistake. You know, we read it this way. The courts have read it this way, that the Westfall Act, these provisions do apply on deemed employees. And when the government didn't differentiate it, we made a mistake. It wasn't a mistake. It was a natural, normal reading of the intent of the statute. And that is why the courts always, this Court just assumed, albeit in DFTA, that it applies. And so we're asking that it be reversed in judgment. Thank you. Thank you. The Court will take the case under advisement.